Patrick J. Flinn (Ca. Bar No. 104423)
patrick.flinn@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Blas P. Arroyo (N.C. Bar No. 9680)
blas.arroyo@alston.com
ALSTON & BIRD LLP
101 South Tryon Street
Charlotte, North Carolina 28280
Phone: 704-444-1000
Facsimile: 704-444-1111

Attorneys for Defendants Ahold U.S.A., Inc., et al. (complete list on last page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | Case No. 2:07-ML-1816-B-RGK (FFMx) |
| This pleading relates to:<br><br>Ronald A Katz Technology Licensing L P v. Reliant Energy Inc, et al., 2:07-cv-02096-RGK-FFM<br>Ronald A Katz Technology Licensing L P v. TD Banknorth Inc., et al., 2:07-cv-02099-RGK-FFM<br>Ronald A Katz Technology Licensing L P v. Ahold USA Inc, et al., 2:07-cv-02101-RGK-FFM<br>Ronald A Katz Technology Licensing L P v. Time Warner Cable Inc., et al., 2:07-cv-02134-RGK-FFM | **DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**<br><br>Before The Honorable R. Gary Klausner |

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

1

| | |
|---|---|
| Ronald A. Katz Technology Licensing, L.P. v. Citibank, N.A., et. al., 2:07-cv-2220-RGK-FFM<br>Ronald A. Katz Technology Licensing, L.P. v. Discover Financial Services, Inc., et. al., 2:07-cv-2250-RGK-FFM | |

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

The Joining Defendants[1] hereby join in the Opposition to RAKTL's Motion to Clarify And Extend Certain Case Management Deadlines, filed by Liaison Counsel, Howrey LLP, on December 28, 2007. The Joining Defendants offer this separate joinder to address the misleading and inaccurate statements made by RAKTL regarding compliance with their discovery obligations thus far in the case.

In its moving papers, RAKTL alleges that "virtually all of the Defendants in the Delaware actions failed to meet the discovery deadline, with material gaps remaining in most of the productions" (RAKTL Mem. (Doc. 885-2) at 3), and that "many of the Defendants in the [Texas] cases have also been deficient in the timeliness and completeness of their Core Discovery Obligations" (RATKL Joinder (Doc. 891) at 2). To support these broad brush accusations, RAKTL identifies various defendants that it accuses of discovery misconduct. In making such accusations, however, RAKTL distorts both the factual record as well as the monumental efforts undertaken by the defendants to comply with their discovery obligations in this case.

For example, with regard to Ahold (Ahold U.S.A., Inc., Giant Food Stores, LLC, Giant Food LLC, Giant of Maryland LLC, and The Stop & Shop Supermarket Company LLC), Charter (Charter Communications, Inc., Charter Communications Entertainment I, LLC, Charter Communications Holding Company, LLC, and Charter Communications Operating, LLC), Duke (Duke Energy Corp. and Cinergy

---

[1] The Joining Defendants are Ahold U.S.A., Inc., Giant Food Stores, LLC, Giant Food LLC, Giant of Maryland LLC, The Stop & Shop Supermarket Company LLC, AOL, LLC, Compuserve Interactive Services, Inc., Netscape Communications Corp., Charter Communications, Inc., Charter Communications Entertainment I, LLC, Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, Dillard's Inc., Dillard Investment Co., Inc., Duke Energy Corporation, Cinergy Corp., T-Mobile USA, Inc., Time Warner Cable Inc., Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P.

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

Corp.) and Time Warner (Time Warner Cable Inc., Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P.), RAKTL simply lists them on a chart (Rice Decl. (Doc. 885-3), Exh. H) compiled by counsel for RAKTL, in which counsel claims to have "summarized" the status of Core Discovery from various defendants. Despite listing Ahold, Charter and Duke on the chart, RAKTL fails to identify a single deficiency in the provision of Core Discovery by these defendants that would support its request to extend deadlines.[2] With respect to Time Warner, RAKTL only makes generalized allegations of purported deficiencies, but then fails to demonstrate how any of those alleged deficiencies materially impact its ability to make the claim designations required by the Court's Order. [3]

Similarly, RAKTL fails to specify why it is unable to comply with its deadlines in the case as result of the conduct of AOL (AOL, LLC, Compuserve Interactive Services, Inc., Netscape Communications Corp.), Dillard's (Dillard's

---

[2] RAKTL identified - for the very first time - several purported deficiencies in Charter's production on the evening of December 21, 2007, after it had already filed its motion to extend case deadlines. That letter, which in many instances seeks information Charter does not have, is irrelevant to this dispute. RAKTL has already acknowledged in its opening motion and supporting declaration, that there is no alleged deficiency in the Charter production that would prevent RAKTL from meeting its deadlines in this case. Indeed, had such a deficiency in Charter's core production existed, RAKTL would not have waited three months (and on the deadline for its identification of the 16 asserted claims) to raise the issue for the first time.

[3] Based on a meet and confer held on December 18, 2007, RAKTL's allegations of incomplete production by Time Warner are based on erroneous assumptions or an incomplete document review. For example, with respect to Time Warner's digital phone services, RAKTL indicated that only a "handful of documents" had been produced when it was actually demonstrated during the call that more than 32,000 pages of documents had been produced related to these services alone. Most of the other categories of alleged deficiencies relate to categories of documents that do not bear on RAKTL's ability to designate its final claim groupings as required by the Court's Order (i.e. documents related to alleged cost savings, for example).

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

4

Inc., and Dillard Investment Co., Inc.) and T-Mobile (T-Mobile USA, Inc.). These defendants, however, separately address below RAKTL's complaints regarding their discovery efforts.

**AOL**: In its "discovery chart," RAKTL alleges only that AOL has not produced "[c]ertain voicemail documents and others," and that RAKTL "is drafting a meet and confer letter." (Rice Decl. (Doc. 885-3), Exh. H at 3). RAKTL's allegations that AOL has not produced some vague, non-specific categories of Core Discovery are wholly inaccurate and appear to have been manufactured in an effort to support RAKTL's present Motion.

In reality, AOL completed its Core Discovery document production on or before September 27, 2007. *See* Declaration of David M. Maxwell in Support of Joinder to Opposition to Plaintiff's Motion to Clarify and Extend Certain Case Management Deadlines, ¶ 4. Since that time, RAKTL has never contacted AOL regarding any alleged substantive deficiency in AOL's production. *Id.*, ¶ 5. To the contrary, less than two weeks before filing the present Motion, RAKTL informed AOL that RAKTL cannot find "anything wrong" with AOL's production. *Id.*, ¶ 6. Moreover, although ten days have now passed since RAKTL's Motion was filed, AOL has yet to receive the "meet and confer letter" RAKTL alleged it was drafting. *Id.*, ¶ 10.

AOL long ago completed its Core Discovery document production and there is no outstanding dispute between the parties regarding such production. The Court should not credit RAKTL's attempt to manufacture a discovery dispute in order to support its present Motion.

**Dillard's**: RAKTL alleges that Dillard's has failed to complete its production of Core Documents in any of the eleven categories required by the DCMO, and implies that Dillard's did not begin producing most of its core

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

discovery documents until Special Master Quinn compelled them to do so. Nothing could be further from the truth.

Dillard's not only produced *all* core discovery documents in its possession, custody or control *before* RAKTL filed its motion to compel, but it did so by the date RAKTL demanded that Dillard's produce such documents in order to avoid a motion to compel. *See* Declaration of Robin L. McGrath in Support of Defendants' Joinder to Opposition to Plaintiff's Motion to Clarify and Extend Certain Case Management Deadlines, ¶¶ 18, 19 ("McGrath Decl."). Notwithstanding that Dillard's met RAKTL's deadline, RAKTL moved to compel any way, undoubtedly doing so in order to support its instant motion. *See id.,* ¶ 19. Indeed, in his Order on RAKTL's motion, Special Master Quinn specifically recognized that since prior to RAKTL's motion to compel, Dillard's has been "collecting documents in a responsible and diligent way," apparently accepting Dillard's representation that all core discovery (with the possible exception of some back up tapes Dillard's had been working to restore, but which Dillard's has since confirmed do not contain core discovery) had been produced before RAKTL's motion. *See* Discovery Special Master's Order No. 13, December 18, 2007 (Doc. 887).

RAKTL's real complaint is not that Dillard's had to be compelled to produce core discovery – because that is simply not the case. Rather, RAKTL's real complaint is that Dillard's *does not possess* the core discovery RAKTL seeks. Dillard's does not possess such documents because it sold the accused credit card system, and all "books and records" relating to that system, to GE Capital Consumer Card Co. and General Electric Capital Corporation ("GE") in 2004. McGrath Decl., ¶ 12. Dillard's simply cannot be blamed for not producing documents that it neither possesses nor controls.

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

Dillard's not only sold the accused credit system to GE, but all of the employees with direct knowledge of the systems left Dillard's with the GE acquisition. (*See* Declaration of Stephen Richards, December 10, 2007 (Doc. 784), ¶ 2). It is for this reason that Dillard's had difficulty determining whether or not GE left any core discovery documents with Dillard's and if so, where such documents may be located. When RAKTL complained about Dillard's initial Core Discovery production, Dillard's made every effort to determine whether additional documents exist. *See* McGrath Decl., ¶ 14, 15. Those efforts included Dillard's going to the trouble and expense of retaining an outside vendor to restore a number of tapes it had located, even though Dillard's had no way of knowing what server the tapes came from or whether the tapes related in any way to the accused systems. *See Id.*, ¶ 16, 17. The restoration process itself took around a month, notwithstanding that the vendor was literally working 24 hours a day (a shift in Georgia then a shift in London) to restore them. *Id.*, ¶ 17. Dillard's informed RAKTL of this issue and promised it would provide any core discovery documents it located on the tapes immediately after the restoration and review process was complete, which it did. *See id.*, ¶¶ 16, 19.

And while Dillard's did locate and produce some additional documents after the deadline for core discovery production, many of those documents were either not core discovery or were duplicative of other documents produced. *Id.*, ¶¶ 15, 20. Notably, even the few "core" discovery documents Dillard's produced after the DCMO deadline are not the kind of documentation RAKTL really seeks – documents that explain how the former credit card system was designed, functioned or operated – because all of that documentation went to GE with the acquisition. *See id.*, ¶ 12. Indeed, RAKTL's infringement contentions, served on December 26, 2007, did not cite to a single document Dillard's had produced. *Id.*, ¶ 23. Thus,

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

RAKTL has both exaggerated and overstated the significance of any delay by Dillard's in producing core discovery.

Moreover, some of the "delay" about which RAKTL complains is of RAKTL's own doing. Specifically, it was not until December 18, 2007 that RAKTL notified Dillard's of its intent to accuse an additional system other than Dillard's credit card system. *Id.,* ¶ 10. In RAKTL's Complaint against Dillard's, RAKTL's accusations of infringement focused solely on Dillard's credit card system. *Id.,* ¶¶ 2, 3. Likewise, in its August 13, 2007 Preliminary Pre-discovery Disclosure of Defendants' Accused Systems, the description of accused services focused on Dillard's former credit card system, but in connection with that description, RAKTL identified a number of telephone numbers that it claimed accessed the credit card system, but in many cases did not. *Id.,* ¶¶ 4, 5. As late as December 11, 2007, RAKTL's counsel admitted during a telephone hearing with Special Master Quinn that they did not know one way or the other whether any of the non-credit card systems were accused, as they had yet to complete their investigation of such systems. *Id.,* ¶ 9. Importantly, RAKTL did not clarify its intentions regarding Dillard's accused systems until December 18, when it indicated that eight of the exemplary telephone numbers were *not* being accused, but that one of the non-credit card systems was accused. *Id.,* ¶ 10. Accordingly, given RAKTL's belated investigation and identification of this new system, it cannot complain that Dillard's has not completed Core Discovery relating to this system. Importantly, Special Master Quinn's Order did not order Dillard's to produce documents related to this additional system. *See* Discovery Special Master's Order No. 13, December 18, 2007 (Doc. 887).

**T-Mobile**: RAKTL alleges that T-Mobile's discovery deficiencies, along with those of other defendants, have placed RAKTL in the "precarious position" of

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**

having to select 64 claims for all defendants with the potential for selecting claims inapplicable to the defendant's accused systems. (RATKL Joinder (Doc. 891) at 8). RAKTL's representations regarding the state of T-Mobile's Core Discovery document production are not only misleading, but also irrelevant.

As the Court may recall, T-Mobile was originally sued by RAKTL in the Eastern District of Texas – Texarkana Division on July 19, 2005 ("the *Citibank* case"). During the over two years that the *Citibank* case was ongoing in Texas, T-Mobile had engaged in an extensive document production process pursuant to the Eastern District of Texas's mandatory disclosure requirements. *See* Declaration of Holly S. Hawkins in Support of Joinder to Opposition to Plaintiff's Motion to Clarify and Extend Certain Case Management Deadlines, ¶ 4 ("Hawkins Decl."). Indeed, RAKTL's counsel recognized at the July 6, 2007 discovery hearing that the *Citibank* case was a "very advanced, mature case" and that RAKTL was "not seeking to expand the scope of document discovery" in that case. *See* Transcript of July 6, 2007 Hearing before Hon. Frederick F. Mumm, Case No: 2:07-ML-1816-RGK-FFM, pp. 61-62.

Significantly, prior to transfer of the *Citibank* case, RAKTL was limited to 18 representative claims, which RAKTL selected on July 14, 2006. Hawkins Decl., ¶ 5. RAKTL's assertion that it now needs additional documents from T-Mobile to select representative claims is contrary to this Court's August 31, 2007 Order, which ordered that, "[w]ith respect to the *Citibank* case, this Court orders that Plaintiff proceed with no more than the 18 claim limit already selected." (See Order regarding claim limits, August 31, 2007 (Doc. 221), p. 5). Accordingly, any

alleged failure by T-Mobile to produce certain discovery is wholly unrelated to RAKTL's obligation to select claims against T-Mobile or any other defendant.[4]

Further, RAKTL's allegations regarding T-Mobile's alleged failure to produce certain source code files are similarly misleading. RAKTL complains about "missing" source code files, when T-Mobile has repeatedly informed RAKTL that it has provided RAKTL with all of the IVR source code in its possession. Hawkins Decl., ¶ 8. Regarding source code in the possession of various third party vendors, RAKTL has had almost two and half years to pursue any discovery from third parties that it thinks it needs. *Id*., ¶ 7.

Finally, on December 7, 2007, RAKTL for the first time provided a list of thirty-three new applications for which it is requesting T-Mobile to produce source code. *Id*., ¶ 9. T-Mobile has informed RAKTL that it is investigating these newly identified applications to determine their relevance to RAKTL's claims. *Id*. Some of these newly demanded computer programs are clearly irrelevant, moreover, including the software that runs T-Mobile's "Hotspots," which allow wireless internet access from locations such as airports and coffee houses. *Id*.[5] The newly-minted discovery demands against T-Mobile are plainly manufactured to justify the delay sought here.

---

[4] Obviously, T-Mobile's document production must have been sufficient as of July 2006 for RAKTL to be able to select its 18 representative claims against T-Mobile.

[5] T-Mobile fails to see, and RAKTL has failed to explain, how the source code for a wireless internet application – as opposed to any source code that may relate to the routing of customer calls about the HotSpot service – has any relevance to RAKTL's claims.

DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES

Dated this 28th day of December, 2007

By: /s/ Patrick J. Flinn
Patrick J. Flinn
ALSTON & BIRD, LLP
Attorneys for Defendants
AOL, LLC, Compuserve Interactive Services, Inc., Netscape Communications Corp., Dillard's Inc., Dillard Investment Co., Inc.,Charter Communications, Inc., Charter Communications Entertainment I, LLC, Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, T-Mobile USA, Inc., Time Warner Cable Inc., Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P.

**DEFENDANTS' JOINDER TO OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY AND EXTEND CERTAIN CASE MANAGEMENT DEADLINES**